JENETTE CARLTON *vs.* JOSEPH CARLTON.

Kennebec. Opinion March 5, 1881.

*Married women. Divorce.*

A woman who is divorced can maintain an action against her former husband for personal services performed for him before their marriage.

ON EXCEPTIONS from superior court, Kennebec.

Assumpsit for personal services of plaintiff, performed prior to the marriage of the plaintiff with defendant.

Action commenced subsequent to a divorce decreed upon libel of the wife. Verdict for plaintiff.

The presiding judge instructed the jury, that "if any just claim existed in favor of this plaintiff prior to the date of this marriage, if she then had any right to maintain an action to recover for her services for which she has not been paid, at most the marriage only suspended the remedy or right of action. After the bands of matrimony were dissolved the disability arising from the marital relations necessarily ceased, the right which she had before marriage was revived, and this action can be maintained now, precisely as it might have been maintained before the marriage was contracted." To this instruction the defendant excepted.

*Pillsbury and Potter*, for the plaintiff, cited: *Webster* v. *Webster*, 58 Maine, 139; *Blake* v. *Blake*, 64 Maine, 177; *Tunks* v. *Grover*, 57 Maine, 586.

*S. and L. Titcomb*, for the defendant.

Marriage is a release at law of all contracts existing between husband and wife before marriage. *Boatwight* v. *Wingate*, Treadw. (S. C.) 521; *Smiley* v. *Smiley*, 18 Ohio St. 543; *Abbott* v. *Winchester*, 105 Mass. 115.

Revised Statutes, c. 61, § 3 only authorizes a married woman to maintain an action against a person other than her husband. *Crowther* v. *Crowther*, 55 Maine, 358; see *Abbott* v. *Abbott*, 67 Maine, 306; *Pittman* v. *Pittman*, 4 Oreg. 298.

WALTON, J.    The question is whether a woman who is divorced can maintain an action against her former husband for personal services performed for him before their marriage.    We think she can.    "A woman, having property, is not deprived of any part of it by her marriage."    Such is the statute law of this State. R. S., c. 61, § 2.    The word "property" includes choses in action as well as choses in possession.    It includes money due as well as money possessed.    It includes money due for personal services as well as money due for any thing else.    In its broadest sense it includes every thing which goes to make up one's wealth or estate.    We cannot doubt that this is the sense in which it is used in this statute.    It follows, therefore, that a woman, by her marriage, can no more be deprived of money due to her than she can of money actually possessed by her, of money due from the man she marries no more than of money due from any one else.    It may be that while the marriage relation subsists no action of any kind can be maintained by her against her husband. But when this relation ceases, this impediment is removed, and no reason is perceived why she can not then sue him as well as any one else.    We think she can.    *Webster* v. *Webster*, 58 Maine, 139; *Blake* v. *Blake*, 64 Maine, 177.

*Exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.